| * 103 ]

## *COMMONWEALTH *versus* SETH BRALEY.

*Practice.*—In an indictment for a *capital crime*, if the jury find that the prisoner neglects to plead by the act of God, the Court will not proceed to try him upon the indictment.

THE prisoner was indicted for the murder of his wife. On *Thursday*, the third day of this term, he was set to the bar, and the indictment was read to him. Upon being asked the usual question, whether he was guilty or not guilty, the prisoner, in a voice scarcely audible, said he did not know what to say; that it appeared to him she was still alive; it seemed to him he had seen her since. The Court told him he must say guilty or not guilty; upon which he made nearly the same answer as before. After a few minutes had elapsed, the Court asked him whether he was *now* disposed to plead, and told him he was charged with killing his wife. He again answered as he had before, and added that he was guilty of what he had done, but did not know what he had done. The Court then informed him that he should have time till the next day to consider

of the charge, and remanded him to prison. On the next day, he was again set to the bar, and arraigned on the indictment; when he said that he was guilty of all he had done, he must confess; but no direct or positive answer could be obtained from him.

From the appearance and conduct of the prisoner at the several times he was arraigned, the Court were inclined to believe that he was in a state of mental derangement; and it also appearing that soon after the supposed murder of his wife, he had cut his own throat in such a manner as to endanger his life, a jury was immediately empanelled and sworn "well and truly to try between the commonwealth and the prisoner at the bar, whether he neglected or refused to plead to the indictment against him for murder, of his free will and malice, or whether he did so neglect by the act of God."

* The jury found that he did *so* neglect by the act [ * 104 ] of God.

Whereupon the prisoner was remanded to jail.